UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-81744-ROSENBERG/REINHART

FLORENCE STYNER &
JULES STYNER,

    Plaintiffs,
v.

COMPASS HEALTH BRANDS CORP.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND
## AND DENYING PLAINTIFFS' MOTION TO EXPEDITE TRIAL

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Remand [DE 5] and Plaintiffs' Motion to Expedite Trial [DE 10]. Plaintiffs' Motion to Remand has been fully briefed. For the reasons set forth below, both Motions are denied.

1. Plaintiffs argue that this case should be remanded because Defendant did not attach all of the pleadings and orders from state court in its Notice of Removal, as required by 28 U.S.C. § 1446(a). Section 1446(a) requires Defendant to file "all process, pleadings, and orders served" in the state court action. Plaintiff is incorrect—Defendant did file all process, pleadings, and orders in the state court action.[1] DE 1. Plaintiff's Motion to Remand is denied as to this ground.

2. Plaintiffs argue that this case should be remanded because Defendant did not timely file its notice of removal as required by 28 U.S.C. § 1446(b)(3). Section 1446(b)(3) requires a notice of removal to be filed within thirty days after receipt by a defendant of a pleading, motion, order, or other paper from which it may be first ascertained that the case is removable. The gravamen of Plaintiffs' argument is that Defendant should have been able to guess that the case was removable by conducting its own research in public records and by analyzing the discovery materials that Defendant was able to secure. But Plaintiffs repeatedly resisted Defendant's efforts to ascertain the removability of this action.

3. One example of Plaintiffs' refusal to provide Defendant with clear information on removability is found on July 2, 2018, when Plaintiffs' counsel declined to

---

[1] Plaintiffs appear to mistakenly believe that every document filed in a case is a pleading. That is wrong. *See* Federal Rule 7.

provide Defendant with a basis for removal in writing. DE 5-2. Another is found on July 24, 2018, when Plaintiffs' official discovery responses stated Plaintiffs were "unable to admit or deny" that Plaintiffs were seeking more than $75,000. DE 1-4. Plaintiffs only admitted they were seeking in excess of $75,000 after the state court compelled Plaintiffs to answer the aforementioned question. DE 1-7 (dated September 26, 2018). Furthermore, Plaintiffs even resisted Defendant's efforts to definitively establish citizenship, by stating that they were "unable to admit or deny" that, as Florida residents, they had no intention of moving away from the State of Florida as they were "considering moving at some point." DE 1-10 (dated November 23, 2018).[2] In summary, Defendant timely filed its Notice of Removal on December 21, 2018. Plaintiffs' Motion to Remand is denied as to this ground.

4. Third and finally, Plaintiffs argue that this case should be remanded because Defendant waived its right to remove the case by virtue of its willingness to litigate in state court through motion practice and discovery. *See Yusefzadeh v. Nelson*, 365 F.3d 1244, 1246 (11th Cir. 2004). As a threshold matter, such a right may only be waived *after* an action has been determined to be removable[3] and, for the reasons set forth above, Defendant removed this action once it became apparent it was removable. In any event, Defendant's motion practice in state court was the result of (1) Plaintiffs' unwillingness to candidly communicate its damages demand and citizenship to Defendant and (2) the requirements of the state court. Plaintiffs' Motion to Remand is denied as to this ground.

5. As a final matter, Plaintiffs request that this Court expedite trial. Plaintiffs' request is based upon (1) the fact that the state court had set trial for May of 2019 and (2) Florida Statute Section 415.1115. Section 415.1115 states that if a plaintiff is over the age of 65, a trial court "may" advance the plaintiff's trial on the docket.[4] Plaintiffs complain that Defendant's removal of this action (in December of 2018) has delayed trial from May of 2019 (in state court) to the date this Court has set trial, January of 2020.

6. Even if this Court were to assume that Section 415.1115 applies in federal court, the Court has already set an early trial date in this matter. This is a products liability action stemming from allegations of a defective shower chair. In the Court's experience, a products liability action requires a considerable amount of discovery, including expert discovery. Furthermore, the parties need adequate time for the preparation and briefing of dispositive motions and pretrial motions, and the Court needs adequate time to rule on such motions prior to the parties'

---

[2] Plaintiffs' intent to remain in the State of Florida is an important factor in determining the state of Plaintiffs' citizenship.
[3] *See Del Rio v. Scottsdale Ins. Co.*, No. 6:05-CV-1429, 2005 WL 3093434, at *5 (M.D. Fla. Nov. 13, 2005) (citing *Engle v. R.J. Reynolds Tobacco Co.*, 122 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000)).
[4] It is undisputed that Plaintiffs' ages satisfy the requirements of Section 415.1115.

final trial preparations. The Court declines to exercise its discretion to expedite trial even further, and Plaintiffs' Motion to Expedite Trial is denied.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of January, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record